## <u>ADVOCATES FOR INDIVIDUALS WITH DISABILITIES, LLC</u>
## <u>v. WAL-MART STORES, INC.</u>

**Case No.** _____

## INDEX OF EXHIBITS TO
## DEFENDANT'S NOTICE OF REMOVAL

| <u>Exhibit</u> | <u>Description</u> |
|---|---|
| A | Maricopa County Superior Court Case No. CV2016-008883 |
| | Civil Cover Sheet<br>Verified Complaint<br>Certificate of Arbitration – Not Subject<br>Summons<br>Declaration of Service |
| B | Notice of Removal Filed in Maricopa County Superior Court |

# EXHIBIT A

MICHAEL K. JEANES, CLERK
BY
S. allen DEP.

FILED

**In the Superior Court of the State of Arizona**
**In and For the County of** Maricopa

Case Number _____

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney  Peter Strojnik Esq.

Attorney Bar Number  006464

Is Interpreter Needed? ☐ Yes ☒ No
If yes, what language:
Peter Strojnik Esq.

**2016 AUG 3  AM 9: 21**

To the best of my knowledge, all information is true and correct.

**Attorney/Pro Per Signature**

**CV2016-008883**

Plaintiff's Name(s): (List all)    Plaintiff's Address:    Phone #.    Email Address:
Advocates for Individuals with Disabilities, LLC

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)
WAL-MART STORES INC
(List additional defendants on page two and/or attach a separate sheet)

EMERGENCY ORDER SOUGHT: ☐ Temporary Restraining Order    ☐ Provisional Remedy    ☐ OSC

☐ Election Challenge   ☐ Employer Sanction   ☐ Other _____
(Specify)

☐ RULE 8(i) COMPLEX LITIGATION APPLIES. Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.

(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category.)

☐ THIS CASE IS ELIGIBLE FOR THE COMMERCIAL COURT UNDER EXPERIMENTAL RULE 8.1. (Maricopa County only.) Rule 8.1 defines a commercial case and establishes eligibility criteria for the commercial court. Generally, a commercial case primarily involves issues arising from a business contract or business transaction. However, consumer transactions are not eligible. A consumer transaction is one that is primarily for personal, family or household purposes. **Please review Rule 8.1 for a complete list of the criteria.** See http://www.superiorcourt.maricopa.gov/commercial-court/. You must check this box if this is an eligible commercial case. **In addition, mark the appropriate box below in the "Nature of Action" case category.** The words "commercial court assignment requested" must appear in the caption of the original complaint.

## NATURE OF ACTION

(Place an "X" next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**

☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort

☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**

☐ 121 Physician M.D.   ☐ 123 Hospital
☐ 122 Physician D.O.   ☐ 124 Other

Case No._____

## 130 CONTRACTS:

☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds-Sale
☐ Construction Defects (Residential/Commercial)
    ☐ 136 Six to Nineteen Structures
    ☐ 137 Twenty or More Structures

## 150-199 OTHER CIVIL CASE TYPES:

☐ 156 Eminent Domain/Condemnation
☐ 151 Eviction Actions (Forcible and Special Detainers)
☐ 152 Change of Name
☐ 153 Transcript of Judgment
☐ 154 Foreign Judgment
☐ 158 Quiet Title
☐ 160 Forfeiture
☐ 175 Election Challenge
☐ 179 NCC-Employer Sanction Action
    (A.R.S. §23-212)
☐ 180 Injunction against Workplace Harassment
☐ 181 Injunction against Harassment
☐ 182 Civil Penalty
☐ 186 Water Rights (Not General Stream Adjudication)
☐ 187 Real Property
☐ Special Action against Lower Courts
    (See lower court appeal cover sheet in Maricopa)

194 Immigration Enforcement Challenge
☐ (§§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

☐ Administrative Review
    (See lower court appeal cover sheet in Maricopa)
☐ 150 Tax Appeal
    (All other tax matters must be filed in the AZ Tax
    Court)
☐ 155 Declaratory Judgment
☐ 157 Habeas Corpus
☐ 184 Landlord Tenant Dispute- Other
☐ 190 Declaration of Factual Innocence
    (A.R.S. §12-771)
☐ 191 Declaration of Factual Improper Party Status
☐ 193 Vulnerable Adult (A.R.S. §46-451)
☐ 165 Tribal Judgment
☐ 167 Structured Settlement (A.R.S. §12-2901)
☐ 169 Attorney Conservatorships (State Bar)
☐ 170 Unauthorized Practice of Law (State Bar)
☐ 171 Out-of-State Deposition for Foreign Jurisdiction
☐ 172 Secure Attendance of Prisoner
☐ 173 Assurance of Discontinuance
☐ 174 In-State Deposition for Foreign Jurisdiction
☐ 176 Eminent Domain– Light Rail Only
☐ 177 Interpleader– Automobile Only
☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐ 183 Employment Dispute- Discrimination
☐ 185 Employment Dispute-Other
☐ 195(a) Amendment of Marriage License
☐ 195(b) Amendment of Birth Certificate
☒ 163 Other _____Civil Rights_____
                                 (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

☐ Antitrust/Trade Regulation
☐ Construction Defect with many parties or structures
☐ Mass Tort
☐ Securities Litigation with
    many parties
☐ Environmental Toxic
☐ Tort with many parties
☐ Class Action Claims
☐ Insurance Coverage Claims arising from the above-listed case types
    A Complex Case as defined by Rule 8(i) ARCP

**Additional Plaintiff(s)**

_____   _____   _____

_____   _____   _____

**Additional Defendant(s)**

_____   _____   _____

_____   _____   _____

_____

ALL RIGHTS RESERVED

MICHAEL K. JEANES
Clerk of the Superior Court
By Sena Allen, Deputy
Date 08/03/2016 Time 09:21:45
Description                  Amount
———— CASE# CV2016-008883 ————
CIVIL NEW COMPLAINT            319.00

TOTAL AMOUNT                   319.00
              Receipt# 25397749

Peter Strojnik, State Bar No. 6464
**STROJNIK P.C.**
1 EAST WASHINGTON STREET, SUITE 500
PHOENIX, AZ 85004
(774) 768-2234
Attorney for Plaintiff
Case Specific Email Address:
2750EGermannRd@aid.org

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

|  |  |
|---|---|
| ADVOCATES FOR INDIVIDUALS WITH DISABILITIES FOUNDATION, INC., a charitable non-profit foundation, | Case No:   CV2016·008883 |
| Plaintiff, | **VERIFIED COMPLAINT** |
| vs. |  |
| WAL-MART STORES INC; |  |
| Defendant. |  |

Plaintiff alleges:

## **PARTIES**

1.    Plaintiff, Advocates for Individuals with Disabilities Foundation, Inc. ("Foundation") is a non-profit charitable foundation and performs the functions of a traditional association representing individuals with disabilities.    *See* www.aid.org.

2.    Defendant, WAL-MART STORES INC, owns and/or operates a business located at 2750 E Germann Rd   Chandler AZ 85286   which is a place of Public Accommodation pursuant to 42 U.S.C. § 12181(7).

## **INTRODUCTION**

3.    Plaintiff brings this action against Defendant, alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., (the "ADA") and its

implementing regulations and A.R.S. Title 41, Chapter 9, Article 8, §§41-1492 et seq. and its implementing regulations, R10-3-401 et seq. (the "AzDA")

4. Plaintiff is a charitable non-profit foundation. Plaintiff is known to have past, present and future relationships or associations with individuals with disabilities as defined in 28 CFR § 36.205. In connection with 28 CFR §36.205, and generally relating to third-party standing, Plaintiff alleges:

    a. Plaintiff has a close relationship with former, current and future disabled individuals who are directly protected by the ADA as discrete and insular minorities. *See*, e.g., www.aid.org.

    b. Plaintiff's association with former, current and future disabled individuals arises from Plaintiff's charitable acts of giving to the disabled community, which are interests that are germane to the association's purpose.

    c. Plaintiff's close relationship to the third party disabled individuals is such that third party disabled individuals cannot be reasonably expected to properly frame the issues and present them with the necessary adversarial zeal to the Court. Third party disabled individuals are hindered to litigate by virtue of their status as minors and/or their lack of mobility and/or financial resources.

    d. David Ritzenthaler is a member of the Foundation by virtue of being President, Director and Chairman and suffers from disability as this term is defined in A.R.S. §41-1492(6) and interpreted pursuant to A.R.S. §41-1492.12.

    e. Because only injunctive and declaratory relief is requested, participation in the action by individual disabled individuals is not required.

5. Plaintiff brings this civil rights action against Defendant for failing to design, construct, and/or own or operate Public Accommodations that are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff seeks a declaration that Defendant's Public Accommodation violates federal and state law and an injunction requiring Defendant to install means of access in compliance with ADA requirements so that their facility is fully accessible to, and independent

2

usable by, individuals with disabilities. Plaintiff further requests that, given Defendant's historical failure to comply with the ADA's mandate, the Court retain jurisdiction of this matter for a period to be determined to ensure that Defendant comes into compliance with the relevant requirements of the ADA and AzDA, and to ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

6.   In compliance with R10-3-405(H)(1), Plaintiff's address is 40 North Central Avenue, Suite 1400, Phoenix, Arizona 85004

## JURISDICTION AND VENUE

7.   This Court has original jurisdiction over the AzDA claims by virtue of A.R.S. §§ 12-123 and 41-1492.8 and concurrent jurisdiction over the ADA claims by virtue of A.R.S. § 12-123 and Article 6, Section 14(1) of the Arizona Constitution gives the superior court original jurisdiction of "[c]ases and proceedings in which exclusive jurisdiction is not vested by law in another court."

## THE ADA AND ITS IMPLEMENTING REGULATIONS

8.   On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

9.   The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of Public Accommodation, transportation, and other important areas of American life.

10. Title III of the ADA prohibits discrimination in the activities of places of Public Accommodation and requires places of Public Accommodation to comply with ADA standards and to be readily accessible, and independently usable by, individuals with disabilities. 42 U.S.C. §§ 12181-89.

11. Title III states, inter alia, that "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability . . . with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." See 42 U.S.C.   §12182(b)(1)(A)(ii).   In   addition,   §12182(b)(1)(A)(iii)   and

3

§12182(b)(1)(B)] are intended to prohibit exclusion and segregation of individuals with disabilities and the denial of equal opportunities enjoyed by others, based on, among other things, presumptions, patronizing attitudes, fears, and stereotypes about individuals with disabilities. 28 C.F.R. pt. 36, app. C (2011).

12. On July 26, 1991, the Department of Justice ("DOJ") issued rules implementing Title III of the ADA, which are codified at 28 CFR Part 36.

13. Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 CFR part 36) contains the ADA standards for Accessible Design (1991 Standards), which were based upon the Americans with Disabilities Act Accessibility Guidelines (1991 ADAAG) published by the Access Board on the same date.

14. In 1994, the Access Board began the process of updating the 1991 ADAAG by establishing a committee composed of members of the design and construction industries, the building code community, and State and local governmental entities, as well as individuals with disabilities.

15. In 1999, based largely on the report and recommendations of the advisory committee, the Access Board issued a notice of proposed rulemaking to update and revise its ADA and ABA Accessibility Guidelines.

16. The Access Board issued final publication of revisions to the 1991 ADAAG on July 23, 2004 ("2004 ADAAG").

17. On September 30, 2004, the DOJ issued an advanced notice of proposed rulemaking to begin the process of adopting the 2004 ADAAG.

18. On June 17, 2008, the DOJ published a notice of proposed rulemaking covering Title III of the ADA.

19. The long-contemplated revisions to the 1991 ADAAG culminated with the DOJ's issuance of The 2010 Standards for Accessible Design ("2010 Standards"). The DOJ published the Final Rule detailing the 2010 Standards on September 15, 2010. The 2010 Standards consist of the 2004 ADAAG and the requirements contained in subpart D of 28 CFR part 36.

## THE AzDA AND ITS IMPLEMENTING REGULATIONS

4

20. The AzDA and its implementing regulations, §§41-1492 et seq. and R10-3-401 et seq. provide similar prohibitions and remedies to the ADA and its implementing regulations.

## **ALLEGATIONS COMMON TO ALL COUNTS**

21. Pursuant to CFR 36-302(1)(ii) and otherwise, on or about 5/6/2016, Plaintiff, who is known to have a relationship or association with individuals with disabilities and directed by David Ritzenthaler, an individual with disabilities, conducted an investigation of Defendant's Public Accommodation for purposes of ascertaining whether it complies with the ADA and AzDA. Plaintiff's investigation confirmed that Defendant's Public Accommodation was not accessible to individuals with disabilities in the following particulars:

1. Violation of the 2010 ADA Standards of Accessibility Design 502.6 in that it fails to include a sign with the International Symbol of Accessibility complying with 703.7.2.1

2. Violation of the 2010 ADA Standards of Accessibility Design §§216.5 and 502.6 in that it fails to identify van parking spaces by the designation "van accessible" and or fails to maintain the minimum height of 60 inches (1525 mm) above the finish floor

Plaintiff has actual knowledge of at least one barrier related to third party disabled individuals as indicated in the preceding allegation. Therefore, third party individuals with disabilities, including current and future members of the association are currently deterred from visiting Defendant's Public Accommodation by accessibility barrier(s).

22. Without the presence of adequate and or accessible parking spaces, sufficient designation or signage and or sufficient disbursement of such parking spaces, third party individuals with disabilities, including members of the Foundation, are prevented from equal enjoyment of the Defendant's Public Accommodation.

23. As a result of Defendant's non-compliance with the AzDA and the ADA, third party individuals with disabilities, including members of the Foundation, are

5

deterred from visiting Defendant's Public Accommodation in the future unless and until all AzDA and ADA violations have been cured.

24. The existence of barriers deters third party individuals with disabilities, including members of the Foundation, from conducting business or returning to Defendant's Public Accommodation.

25. As a result of Defendant's non-compliance with the ADA and AzDA, third party disabled individuals, including members of the Foundation, unlike persons without disabilities, are denied equal access.

26. Plaintiff verified that Defendant's Public Accommodation lacks the mandatory elements required by the 2010 Standards to make their facility fully accessible to and independently usable by individuals with disabilities, including members of the Foundation.

27. Plaintiff has a keen interest in whether Public Accommodations are fully accessible to, and independently usable by, individuals with disabilities, including members of the Foundation, specifically including an interest in ensuring that parking spaces comply with the 2010 Standards.

28. Third party disabled individuals have been injured by Defendant's discriminatory practices and failure to remove architectural barriers to equal access. These injuries include being deterred from using Defendant's facilities due to the inaccessibility and/or insufficient designation of appropriate parking .

29. Without injunctive relief, Plaintiff and individuals with disabilities, including members of the Foundation, will continue to be denied equal access and unable to independently use Defendant's Public Accommodation under ADA and AzDA.

## COUNT ONE
### (Violation of Title III of ADA and Title 41 of AzDA)

30. Plaintiff incorporates all allegations heretofore set forth.

31. Defendant has discriminated against third party individuals with disabilities, including members of the Foundation, in that it has failed to make its Public Accommodation fully accessible to, and independently usable by, individuals who are disabled in violation of AzDA, Article 8, Chapter 10 of Title 41 of the Arizona

6

Revised Statutes, A.R.S. §§ 41-1492 *et seq*.  and its implementing regulations, R10-3-401 et seq. and the ADA, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., and its implementing regulations 28 CFR §§ 36.101 *et seq*.

32. Defendant has discriminated against third party individuals with disabilities, including members of the Foundation, in that it has failed to remove architectural barriers to make its Public Accommodation fully accessible to, and independently usable by individuals who are disabled in violation of the AzDA and the ADA and, particularly, 42 U.S.C. §12182(b)(A)(iv) and Section 208.2 of the 2010 Standards, as described above. Compliance with the requirements of section 208.2 of the 2010 Standards would neither fundamentally alter the nature of Defendant's Public Accommodation nor result in an undue burden to Defendant.

33. Compliance with AzDA and the ADA is readily achievable by the Defendant due to the low costs. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense .

34. Conversely, the cessation of compliance with the ADA law is also readily achievable by redrawing the parking spaces to its original configuration and or changing signage back to the same. Therefore, injunctive relief should issue irrespective of Defendant's potential voluntary cessation pursuant to the Supreme Court's announcement in *Friends of the Earth* case.[1]

---

[1] *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000):

> It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. If it did, the courts would be compelled to leave the defendant free to return to his old ways. In accordance with this principle, the standard we have announced for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur. The heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness.

7

35. Defendant's conduct is ongoing, Plaintiff invokes Plaintiff's statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees, both pursuant to statute and pursuant to the Private Attorney General doctrine .

36. Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is fully in compliance with the mandatory requirements of the AzDA and ADA that are discussed above, Defendant's non-compliance with the AzDA and ADA's mandatory requirements may be or are likely to recur.

**COUNT TWO**

**(Violation A.R.S. Title 41, Chapter 9, Article 8, §§41-1492 et seq. AND Implementing Regulations)**

37. Plaintiff realleges all allegations heretofore set forth.

38. Plaintiff and third party individuals with disabilities, including members of the Foundation, have been damaged and injured by the Defendant's non-compliance with the AzDA.

39. Pursuant to A.R.S. § 41-1492.08, and §41-1492.09, Plaintiff has the right to enforce the AzDA by the issuance of injunctive relief.

40. Pursuant to A.R.S. § 41-1492.08, Plaintiff is entitled to preventive and mandatory relief.

41. Mandatory relief includes relief mandated by A.R.S. § 41-1492.09 obligating the Office of the Attorney General to take actions specified therein.

42. Pursuant to A.R.S. § 41-1492.09(B)(2), Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $5,000.00.

43. Pursuant to A.R.S. § 41-1492.09(F), Plaintiff is entitled to attorney's fees and costs in an amount proven but in no event less than $5,000.00.

***PRAYER FOR RELIEF***

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described

8

above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that its Public Accommodation was fully accessible to, and independently usable by, individuals with disabilities;

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a), which directs Defendant to take all steps necessary to bring its Public Accommodation into full compliance with the requirements set forth in the ADA and its implementing regulations, so that the facility is fully accessible to, and independently usable by, individuals with disabilities, including members of the Foundation, specifically Sections 208.2 of the 2010 Standards, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facility is fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c. Irrespective of Defendant's "voluntary cessation" of the ADA violation, if applicable, payment of costs of suit, expenses of suit and attorney's fees;

d. Order closure of the Defendant's place of Public Accommodation until Defendant has fully complied with the ADA and AzDA;

e. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of AzDA;

f. Irrespective of Defendant's "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to AzDA which directs Defendant to take all steps necessary to bring its facility into full compliance with the requirements set forth in the AzDA, and its implementing regulations, so that the facility is fully accessible to, and independently usable by individuals with disabilities, including members of the Foundation, specifically including ensuring parking spaces comply with the 2010 Standards as required by law, and which further directs that the Court shall

9

retain jurisdiction for a period to be determined after Defendant certifies that its facility is fully in compliance with the relevant requirements of the AzDA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

g. For damages authorized by § 41-1492.09(B)(2) in an amount no less than $5,000.00;

h. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of attorneys' fees pursuant to 42 U.S.C. § 12205, 28 CFR § 36.505 and A.R.S. § 41-1492.09(F) and other principles of law and equity and in compliance with the "prevailing party" and "material alteration" of the parties' relationship doctrines[2] in an amount no less than $5,000.00; and,

i. The provision of whatever other relief the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Arizona Rules of Civil Procedure, Plaintiff hereby demands a jury trial on issues triable by a jury.

**RESPECTFULLY SUBMITTED** this Monday, July 25, 2016.

STROJNIK P.C.

/s/ Peter Strojnik
Peter Strojnik (6464)
Attorney for Plaintiff

## VERIFICATION COMPLIANT WITH R10-3-405

I declare under penalty of perjury that the foregoing is true and correct.

DATED this Monday, July 25, 2016.

/s/ David Ritzenthaler
By: David Ritzenthaler, Director

---

[2] As applicable to ADA cases, see *Coppi v. City of Dana Point*, Case No. SACV 11-1813 JGB (RNBx) (February, 2015)

10

1   Advocates for Individuals with
    Disabilities Foundation, Inc.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 1

12

U.S. Department of Justice
Civil Rights Division
*Disability Rights Section*



**Americans with Disabilities Act**

# ADA Business BRIEF:
## Restriping Parking Lots

### Accessible Parking Spaces

When a business restripes a parking lot, it must provide accessible parking spaces as required by the ADA Standards for Accessible Design.

In addition, businesses or privately owned facilities that provide goods or services to the public have a continuing ADA obligation to remove barriers to access in existing parking lots when it is readily achievable to do so. Because restriping is relatively inexpensive, it is readily achievable in most cases.

This ADA Business Brief provides key information about how to create accessible car and van spaces and how many spaces to provide when parking lots are restriped.



**One of eight accessible parking spaces, but always at least one, must be van accessible.**

### Accessible Parking Spaces for Cars

Accessible parking spaces for cars have at least a 60-inch-wide access aisle located adjacent to the designated parking space. The access aisle is just wide enough to permit a person using a wheelchair to enter or exit the car. These parking spaces are identified with a sign and located on level ground.

### Van-Accessible Parking Spaces

Van-accessible parking spaces are the same as accessible parking spaces for cars except for three features needed for vans:

- a wider access aisle (96") to accommodate a wheelchair lift;

- vertical clearance to accommodate van height at the van parking space, the adjacent access aisle, and on the vehicular route to and from the van-accessible space, and

- an additional sign that identifies the parking spaces as "van accessible."

### Minimum Number of Accessible Parking Spaces
ADA Standards for Accessible Design 4.1.2 (5)

| Total Number of Parking Spaces Provided (per lot) | Total Minimum Number of Accessible Parking Spaces (60" & 96" aisles) | Van-Accessible Parking Spaces with min. 96" wide access aisle | Accessible Parking Spaces with min. 60" wide access aisle |
|---|---|---|---|
| | Column A | | |
| 1 to 25 | 1 | 1 | 0 |
| 26 to 50 | 2 | 1 | 1 |
| 51 to 75 | 3 | 1 | 2 |
| 76 to 100 | 4 | 1 | 3 |
| 101 to 150 | 5 | 1 | 4 |
| 151 to 200 | 6 | 1 | 5 |
| 201 to 300 | 7 | 1 | 6 |
| 301 to 400 | 8 | 1 | 7 |
| 401 to 500 | 9 | 2 | 7 |
| 501 to 1000 | 2% of total parking provided in each lot | 1/8 of Column A* | 7/8 of Column A** |
| 1001 and over | 20 plus 1 for each 100 over 1000 | 1/8 of Column A* | 7/8 of Column A** |

\* one out of every 8 accessible spaces     \*\* 7 out of every 8 accessible parking spaces

October 2001

## Location

Accessible parking spaces must be located on the shortest accessible route of travel to an accessible facility entrance. Where buildings have multiple accessible entrances with adjacent parking, the accessible parking spaces must be dispersed and located closest to the accessible entrances.

When accessible parking spaces are added in an existing parking lot, locate the spaces on the most level ground close to the accessible entrance. An accessible route must always be provided from the accessible parking to the accessible entrance. An accessible route never has curbs or stairs, must be at least 3-feet wide, and has a firm, stable, slip-resistant surface. The slope along the accessible route should not be greater than 1:12 in the direction of travel.

Accessible parking spaces may be clustered in one or more lots if equivalent or greater accessibility is provided in terms of distance from the accessible entrance, parking fees, and convenience. Van-accessible parking spaces located in parking garages may be clustered on one floor (to accommodate the 98-inch minimum vertical height requirement).

## Free Technical Assistance

Answers to technical and general questions about restriping parking lots or other ADA requirements are available by telephone on weekdays. You may also order the ADA Standards for Accessible Design and other ADA publications, including regulations for private businesses, at any time day or night. Information about ADA-related IRS tax credits and deductions is also available from the ADA Information Line.

Department of Justice
**ADA Information Line**
**800-514-0301 (voice)**
**800-514-0383 (TTY)**

page 2 of 2

## Features of Accessible Parking Spaces for Cars

**Sign with the international symbol of accessibility mounted high enough so it can be seen while a vehicle is parked in the space.**

**If the accessible route is located in front of the space, install wheelstops to keep vehicles from reducing width below 36 inches.**



accessible route (min. 26-inch width)

**Access aisle of at least 60-inch width** must be level (1:50 maximum slope in all directions), be the same length as the adjacent parking space(s) it serves and must connect to an accessible route to the building. Ramps must not extend into the access aisle.

**Boundary of the access aisle must be marked. The end may be a squared or curved shape.**

**Two parking spaces may share an access aisle.**

| 96" min.\n2440 | 60" min.\n1525 | 96" min.\n2440 |

## Three Additional Features for Van-Accessible Parking Spaces

**Sign with "van accessible"** and the international symbol of accessibility mounted high enough so the sign can be seen when a vehicle is parked in the space

accessible route

**96" min. width access aisle**, level (max. slope 1:50 in all directions), located beside the van parking space

**Min. 98-inch-high clearance** at van parking space, access aisle, and on vehicular route to and from van space

| 96" min.\n2440 | 96" min.\n2440 | 96" min.\n2440 |

## ADA Website and ADA Business Connection

You may also view or download ADA information on the Department's ADA website at any time. The site provides access to the ADA Business Connection and the ADA design standards, ADA regulations, ADA policy letters, technical assistance materials, and general ADA information. It also provides links to other Federal agencies, and updates on new ADA requirements and enforcement efforts. **www.usdoj.gov/crt/ada/adahom1.htm**

## Reference:

ADA Standards for Accessible Design (28 CFR Part 36):
§ 4.1.6 Alterations;  § 4.1.2 Accessible Sites and Exterior Facilities: New Construction;  § 4.6.1 Parking and Passenger Loading Zones, and § 4.3 Accessible Route.
                                         Duplication is encouraged.



**U.S. Department of Justice**

Civil Rights Division

*Disability Rights Section*

#### Americans with Disabilities Act

# ADA Compliance BRIEF:

### Restriping Parking Spaces

## Accessible Parking Spaces

When a business or State or local government restripes parking spaces in a parking lot or parking structure (parking facilities), it must provide accessible parking spaces as required by the 2010 ADA Standards for Accessible Design (2010 Standards).

In addition, businesses or privately owned facilities that provide goods or services to the public have a continuing ADA obligation to remove barriers to access in existing parking facilities when it is readily achievable to do so. Because restriping is relatively inexpensive, it is readily achievable in most cases. State and local government facilities also have an ongoing ADA obligation to make their programs accessible, which can require providing accessible parking.

This compliance brief provides information about the features of accessible car and van parking spaces and how many accessible spaces are required when parking facilities are restriped.



**One of six accessible parking spaces,
but always at least one,
must be van-accessible.**

The required number of accessible parking spaces must be calculated separately for each parking facility, nor calculated based on the total number of parking spaces provided on a site. One of six (or fraction of six) accessible parking spaces, but always at least one, must be van accessible.

Parking for hospital outpatient facilities, rehabilitation facilities, outpatient physical therapy facilities or residential facilities have substantially different requirements for accessibility (see 2010 Standards 208.2).

| Minimum Number of Accessible Parking Spaces 2010 Standards (208.2) | | |
|---|---|---|
| **Total Number of Parking Spaces Provided in Parking Facility (per facility)** | **(Column A) Minimum Number of Accessible Parking Spaces (car and van)** | **Mininum Number of Van-Accessible Parking Spaces (1 of six accessible spaces)** |
| 1 to 25 | 1 | 1 |
| 26 to 50 | 2 | 1 |
| 51 to 75 | 3 | 1 |
| 76 to 100 | 4 | 1 |
| 101 to 150 | 5 | 1 |
| 151 to 200 | 6 | 1 |
| 201 to 300 | 7 | 2 |
| 301 to 400 | 8 | 2 |
| 401 to 500 | 9 | 2 |
| 500 to 1000 | 2% of total parking provided in each lot or structure | 1/6 of Column A* |
| 1001 and over | 20 plus 1 for each 100 over 1000 | 1/6 of Column A* |
| *one out of every 6 accessible spaces | | |

## Location

Accessible parking spaces must be located on the shortest accessible route of travel to an accessible facility entrance. Where buildings have multiple accessible entrances with adjacent parking, the accessible parking spaces must be dispersed and located closest to the accessible entrances.

When accessible parking spaces are added in an existing parking lot or structure, locate the spaces on the most level ground close to the accessible entrance. An accessible route must always be provided from the accessible parking to the accessible entrance. An accessible route never has curbs or stairs, must be at least 3 feet wide, and has a firm, stable, slip-resistant surface. The slope along the accessible route should not be greater than 1:12 in the direction of travel.

Accessible parking spaces may be clustered in one or more facilities if equivalent or greater accessibility is provided in terms of distance from the accessible entrance, parking fees, and convenience. Van-accessible parking spaces located in parking garages may be clustered on one floor (to accommodate the 98-inch minimum vertical height requirement).

## Features of Accessible Parking Spaces



Parking space identification sign with the international symbol of accessibility complying with 703.7.2.1 mounted 60 inches minimum above the ground surface measured to the bottom of the sign.

If the accessible route is located in front of the parking space, install wheel stops to keep vehicles from reducing the clear width of the accessible route below 36 inches.

Two parking spaces may share an access aisle except for angled parking spaces (see below).

Access aisle width is at least 60 inches, must be at the same level and the same length as the adjacent parking space(s) it serves, maximum slope in all directions is 1:48, and access aisle must connect to an accessible route to the building. Ramps must not extend into the access aisle.

accessible route

Parking space shall be 96 inches wide minimum, marked to define the width, and maximum slope in all directions is 1:48.

Boundary of the access aisle must be clearly marked so as to discourage parking in it. (State or local laws may address the color and manner that parking spaces and access aisles are marked.)

| 96"min 2440 | 60"min 1525 | 96"min 2440 |

**Accessible Parking Spaces with 60-inch Minimum Width Access Aisle for Cars**

### Additional Notes:

Where parking spaces are marked with lines, width measurements of parking spaces and access aisles are to centerlines, except for the end space which may include the full width of the line.

Access aisles may be located on either side of the parking space except for angled van parking spaces which must have access aisles located on the passenger side of the parking spaces.

## Additional Features of Van-Accessible Parking Spaces

Van-accessible parking spaces incorporate the features of accessible parking spaces on the previous page and require the following additional features: a "van accessible" designation on the sign; different widths for the van parking space or the access aisle; and at least 98 inches of vertical clearance for the van parking space, access aisle, and vehicular route to and from the van-accessible space. The first image below shows a van-accessible space with a 60-inch minimum width access aisle. The second image shows a van-accessible space with a 96-inch minimum width access aisle. Both configurations are permitted and requirements for van-accessible signage and vertical clearance apply to both configurations.



Parking space identification sign with the international symbol of accessibility and designation, "van accessible." Note, where four or fewer parking spaces are provided on a site, a sign identifying the accessible space, which must be van-accessible, is not required.

Vertical clearance of 98 inches minimum to accommodate van height at the vehicle parking space, the adjacent access aisle, and on the vehicular route to and from the van-accessible space.

Van parking space must be 132 inches wide minimum with an adjacent 60-inch wide minimum access aisle. A van parking space of 96 inches wide minimum with an adjacent 96-inch wide minimum access aisle is also permitted (see below).

**Vehicle Route**

| Van 132"min 3350 | 60"min 1525 | Car 96"min 2440 |

**Van-Accessible Parking Space with 60-inch Minimum Width Access Aisle**

| 96"min 2440 | 96"min 2440 | 96"min 2440 |

**Van-Accessible Parking Space with 96-inch Minimum Width Access Aisle**



**Where four or fewer parking spaces are provided on a site, signage identifying the van-accessible parking space is not required.**

3

MICHAEL K. JEANES, CLERK
BY
S Allen DEP

FILED

2016 AUG -3  AM 9: 25

Peter Strojnik, State Bar No. 6464
**STROJNIK P.C.**
1 EAST WASHINGTON STREET, SUITE 500
PHOENIX, AZ 85004
(774) 768-2234
Attorney for Plaintiff
Case Specific Email Address:
2750EGermannRd@aid.org

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

CV2016 008883

| | |
|---|---|
| Advocates for Individuals with Disabilities Foundation, Inc., | Case No: |
| Plaintiff, | **CERTIFICATE OF ARBITRATION** |
| vs. | |
| WAL-MART STORES INC | |
| Defendant. | |

The above cause is not subject to compulsory arbitration.

RESPECTFULLY SUBMITTED this Monday, July 25, 2016.


Peter Strojnik, State Bar No 6464

Peter Strojnik, State Bar No. 6464
**STROJNIK P.C.**
1 EAST WASHINGTON STREET, SUITE 500
PHOENIX, AZ 85004
(774) 768-2234
Attorney for Plaintiff
Case Specific Email Address:
2750EGermannRd@aid.org

MICHAEL K. JEANES, CLERK
BY
DEP
'FILED'

16 AUG 11  PM 3: 13

# ORIGINAL

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Advocates for Individuals with Disabilities Foundation, Inc., | CV2016·008883 |
| Plaintiff, | Case No: |
| vs. | **SUMMONS** |
| WAL-MART STORES INC | If you would like legal advice from a lawyer, Contact the Lawyer Referral Service at 602-257-4434 |
| Defendants. | or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association |

**TO THE ABOVE NAMED DEFENDANT(S):**

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona – whether by direct mail, by registered or certified mail, or by publication – you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. When process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of process against it in this State, the insurer shall not be required to appear, answer or plead until the expiration of 40 days of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service by mail is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after the Affidavit of Compliance and return receipt of Officer's Return. **RCP 4.1 and 4.2; A.R.S. §§ 20-222, 28-502, 28-503.**

1

1   **YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint. YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of the Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or Response upon Plaintiff's attorney, or if Plaintiff is not represented by counsel, upon Plaintiff.**

A request for reasonable accommodations for persons with disabilities must be made to the division assigned to the case by the parties at least three (3) days before the scheduled court proceeding.

The name and address of Plaintiff is:

Advocates for Individuals with Disabilities Foundation Inc.
40 North Central Avenue, Suite 1400
Phoenix, AZ 85004

SIGNED AND SEALED this date:                                          AUG 03 2016

                                                                          S. Allen
                                                                          **Deputy Clerk**

**MICHAEL K. JEANES, CLERK**

2

MICHAEL K. JEANES, CLERK
BY
DEP
FILED

16 AUG 11  PM 3: 13

Peter Strojnik
Strojnik P.C.
1 E. Washington St. Suite 500
Phoenix, AZ 85004
(774) 768-2234
Bar No. 6464

ORIGINAL IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **Advocates for Individuals with Disabilities, Foundation, Inc.,** | Case Number: CV2016-008883 |
| Plaintiff, | **DECLARATION OF SERVICE BY A PRIVATE PROCESS SERVER** |
| vs. | |
| **WAL-MART STORES INC** | |
| Defendant. | |

Received by Rush Hour Legal Service to be served on **WAL-MART STORES INC (2750 E GERMANN RD)**.

I, Russell D. Hoffman, do hereby affirm that on the **9th day of August, 2016** at **1:25 pm**, I:

served **WAL-MART STORES INC (2750 E GERMANN RD)** by delivering a true copy of the **SUMMONS; VERIFIED COMPLAINT; CERTIFICATE OF ARBITRATION; DISCOVERY REQUEST NO. 1** with the date and hour of service endorsed thereon by me, to: **CT CORPORATION SYSTEM (STATUTORY AGENT)** at the address of: **3800 N. CENTRAL AVE #460, PHOENIX, AZ 85012**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
Note: Gave legal documents to Scott Whaley, authorized agent.

**Description** of Person Served: Age: 35, Sex: M, Race/Skin Color: White, Height: 5'7", Weight: 180, Hair: Brown, Glasses: N

I, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, Declare under penalty of perjury that the foregoing is true and correct and was executed on the above date.

**Russell D. Hoffman**
Process Server MC-7486

**Rush Hour Legal Service**
P.O. Box 30997
Mesa, AZ 85275
(480) 797-9483

Our Job Serial Number: RUL-2016001154
Service Fee: $55.00

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1e



# EXHIBIT B

1 | BRYAN CAVE LLP, 00145700
2 | Jay A. Zweig (011153)
  | Daniel P. Crane (030623)
3 | Two N. Central Avenue, Suite 2200
  | Phoenix, Arizona  85004-4406
4 | Telephone: (602) 364-7300
5 | Facsimile:  (602) 364-7070
  | E-mail:  jay.zweig@bryancave.com
6 |              dan.crane@bryancave.com

7 | Attorneys for Defendant
8 |    Wal-Mart Stores, Inc.

9 |         IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10 |            IN AND FOR THE COUNTY OF MARICOPA

11 |

12 | ADVOCATES FOR INDIVIDUALS WITH          No. CV2016-008883
   | DISABILITIES, LLC,
13 |                                         **NOTICE OF REMOVAL TO**
   |              Plaintiff,                 **FEDERAL COURT**
14 |
15 |    vs.                                  (Assigned to Hon. Douglas Gerlach)

16 | WAL-MART STORES INC.,

17 |              Defendant.

18 |

19 |        TO PLAINTIFF ADVOCATES FOR INDIVIDUALS WITH DISABILITIES LLC:

20 |        PLEASE TAKE NOTICE that Defendant Wal-Mart Stores, Inc. filed a Notice of

21 | Removal in this action in the United States District Court for the District of Arizona on

22 | September 1, 2016.  A copy of the Notice of Removal (without exhibits) is attached to this

23 | Notice as Exhibit A and is served contemporaneously herewith.

24 | ///

25 |

26 | ///

27 |

28 |

804935.1\0548031

1  DATED this 1st day of September, 2016.

2
                                                BRYAN CAVE LLP
3

4                                               By: /s/ *Daniel P. Crane*

5                                                    Jay A. Zweig
                                                     Daniel P. Crane
6                                                    Two North Central Avenue, Suite 2200
                                                     Phoenix, AZ  85004-4406
7                                                    Attorneys for Defendant
                                                        Wal-Mart Stores, Inc.
8

9  The foregoing filed via TurboCourt with a
   **COPY** sent via U.S. Mail this 1st day of
10 September, 2016, to:

11 Peter Strojnik, Esq.
   STROJNIK P.C.
12 7373 E. Doubletree Ranch, Suite B-165
   Scottsdale, Arizona 85258
13 Attorneys for Plaintiff

14

15
   /s/ *Cristina Daniels*
16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

804935.1\0548031                                2